THE METHODIST EPISCOPAL CHURCH IN THE CENTER OF STANFORD, Appellant, *v.* NEWTON HEBARD and NATHAN C. SACKETT, as Executors, etc., of SARAH S. HUNTING, Deceased, and Others, Respondents.

*Will — provision making legacies payable, in the first instance, out of a particular fund.*

A testatrix, by the 6th clause of her will, devised a farm to her executors in trust to sell the same and from the proceeds thereof to pay six legacies numbered consecutively, and by the 8th clause provided: "It is my will and express direction that, if the proceeds of my farm and my other estate should prove insufficient to pay all the legacies hereinbefore given in full, then and in that case the legacies given in and by the first five sections of this will, and in and by the first, second, third and fourth clauses of the sixth section of this will shall be paid or set aside and retained in full and the remaining legacies shall be proportionally abated."

*Held,* that the effect of the 8th clause was to make each of the first four legacies bequeathed by the 6th clause a demonstrative legacy and thus chargeable, if need be, upon the general estate of the testatrix, but that it did not affect the 5th and 6th legacies of the 6th clause, which were made payable only out of so much of the farm fund, if any, as might remain after paying the first four legacies bequeathed by the 6th clause, and were in no event chargeable against the general estate.

APPEAL by the plaintiff, The Methodist Episcopal Church in the Center of Stanford, from so much of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Dutchess on the 31st day of December, 1897, upon the decision of the court rendered after a trial at the Dutchess Special Term, as adjudges as follows:

"That the legacies in the sixth clause of said will are not charged by the eighth clause upon the general estate. The sixth clause remains intact. If the legacies given by that clause are not paid in full by the proceeds of the farm, they abate according to the directions made by the eighth clause as to the first, second, third and fourth subdivisions of the sixth clause, and fail wholly as to the remaining legacies given by that clause.

"That the legacies given by the seventh clause are payable out of the general estate, subject to the preference given in the sixth

clause as to the proceeds of the farm.   That the residuary clause takes the balance of the estate."

*A. M. & G. Card,* for the appellant.

*Allison Butts,* for the respondents.

WILLARD BARTLETT, J. :

This action is brought by the plaintiff as a legatee to obtain a construction of the will of Sarah S. Hunting, of which the defendants are the executors.

The will, which was made on November 28, 1895, contains ten numbered sections or paragraphs.   By the 1st, 2d, 3d, 4th and 5th sections the testatrix gives specific legacies or makes specific devises to the persons respectively named therein.

The 6th section reads as follows :

"*Sixth.* I give, bequeath and devise unto my executors hereinafter named the farm in Stanford, which I now own, containing about 192 acres, in trust, for the following uses and purposes, and none other, viz., to sell and dispose of the same at any time within ten years after my decease, at their discretion, entire or in parcels, for cash or on credit, at public or private sale, as they may deem best (and until sold to rent or use the same for the benefit of my estate), giving to my said executors, or to the survivor of them, full power and authority to bargain, contract and convey the same to the purchaser or purchasers thereof as fully and entirely as I might do if living, and from the proceeds thereof, when sold, to pay, *first,* to the trustees or treasurer of the Island Cemetery, in Amenia, N. Y., the sum of one hundred dollars as a fund, the interest of which shall be used each year in caring for the plot in said cemetery, owned by my sister and myself, in which our families may be buried ; *second,* the sum of two thousand dollars, or so much thereof as they may deem necessary, for a monument and smaller marking stones and the general shaping and laying out of said cemetery plot, to be retained by said executors and expended under their own general direction and supervision, the remainder of said two thousand dollars, if any, to revert to this farm fund ; *third,* to pay over to the trustees of the Methodist Episcopal Church at Bangall, N. Y., the sum of one thousand dollars to be kept by said trustees as a fund, the net annual income of which shall be applied each year toward the pay-

ment of the pastor's salary; *fourth,* to retain in their hands and invest and reinvest safely the sum of seven hundred dollars, and to pay over the net annual income thereof each year to Laura Jessie Halstead until Henry Townsend Rundell shall become fourteen years of age, whereupon they are to use thereafter, in their discretion, the annual income and so much of the principal and in such sums as they may deem best, for the purpose of aiding the said Henry Townsend Rundell in his efforts to obtain a thorough education. If he should die before the same is expended, or should he decline the use of said money for that especial purpose, then I direct said executors, or the survivor of them, to divide said sum, or what remains thereof, equally between Millicent Rundell and Elizabeth Center Merry; *fifth,* to pay the further sum of one thousand dollars to the trustees of the said Methodist Episcopal Church at Bangall, N. Y., as a parsonage fund, to be used either in helping to buy or build a parsonage, or to pay any mortgage debt upon a parsonage, if they shall already have one, or to be added to the general fund of said church should said church already have a parsonage fully paid for; *sixth,* should there still remain any portion of the proceeds of said farm unexpended as above in the hands of my executors, then I give and bequeath therefrom the further sum of five hundred dollars to the trustees of the said Methodist Episcopal Church at Bangall, to be added to its general fund."

The 7th section contains two legacies, one of $400 and one of $500 to two persons named therein. Then follows the 8th section in these words:

"*Eighth.* It is my will and express direction that if the proceeds of my said farm and my other estate should prove insufficient to pay all the legacies hereinbefore given in full, then, and in that case, the legacies given in and by the first five sections of this Will, and in and by the first, second, third and fourth clauses of the sixth section of this Will, shall be paid or set aside and retained in full, and the remaining legacies shall be proportionally abated."

The 9th section disposes of the residue and remainder of the estate of the testatrix, and the 10th section merely dispenses with the giving of any bond by the executors who are named in the next and concluding paragraph of the will.

Upon the trial proof was given showing that the farm mentioned

in the 6th section was worth about $4,000, but was subject to a mortgage of $1,500. The six legacies given by the 6th section aggregate $5,300, so that, apparently, this farm fund will not suffice to pay them all, or even the first, second, third and fourth legacies of that section, which together amount to $3,800. The value of the personal estate of the testatrix was shown to be nearly $11,000.

The plaintiff contends that it was not the intention of the testatrix that the legacies bequeathed in the 6th section should be payable only out of the proceeds of the farm therein directed to be sold, but that the effect of the 8th section was to make all the six legacies of the 6th section chargeable against the whole estate, in the event that the farm fund should be insufficient to pay them — the first four to be paid in full and the last two in full, if the whole estate was sufficient. On the other hand, the executors insist that the farm moneys only can be applied to the payment of the legacies given by the 6th section ; and that if it prove insufficient to pay all six of them, the 5th and 6th legacies therein mentioned must suffer abatement, while the 8th section does not in any contingency render any of the legacies of the 6th section chargeable against the general estate. At the Special Term the learned trial judge held with the defendants, and the plaintiff has appealed.

The impression made upon my mind by the language of this will calls for a different construction in some respects from that adopted by the court below. Standing alone, and without the qualifying and enlarging effect of the 8th section, the 6th section would undoubtedly make the proceeds of the farm the sole fund from which any of the legacies mentioned in that section could be paid. But it was apparently to do away with this limitation, so far as the first four legacies of the 6th section were concerned, that the 8th section was inserted. In it the testatrix provides "that if the proceeds of my said farm and my other estate should prove insufficient to pay all the legacies hereinbefore given in full, then and in that case, the legacies given in and by the first five sections of this will, and in and by the first, second, third and fourth clauses of the sixth section of this will, shall be paid or set aside and retained in full, and the remaining legacies shall be proportionally abated." Although the first five sections of the will are here mentioned, it is obvious that this 8th section can have no effect upon them ; for the gifts which they bestow

are gifts of specific real or personal property and cannot suffer abate-
ment. The 8th section, therefore, cannot possibly relate to any
other legacies than those mentioned in the 6th section and the two
money legacies given by the 7th. The question is, how does it
affect those legacies? Does it merely give the first, second, third
and fourth legacies of the 6th section a preference over the fifth
and sixth legacies of that section, to payment out of the farm fund,
without recourse to the general estate, as was held at Special Term,
or does it require that the said first four legacies shall be paid out
of the other property of the testatrix, if the farm fund is not large
enough?

In my opinion, the effect of the 8th section was to make each
of the first four gifts in the 6th section a demonstrative legacy, and
thus chargeable, if need be, upon the general estate of the testatrix.
A legacy of money is demonstrative when the gift is so made as
clearly to show the testator's intention that the legatee shall certainly
receive the amount bequeathed. (*Watrous* v. *Smith,* 7 Hun, 544,
and cases there cited.) Such an intention seems to be most distinctly
manifested by the language of the 8th section where Mrs. Hunting
directs the payment of the particular legacies therein specified "if
the proceeds of my said farm and my other estate should prove
insufficient to pay all the legacies hereinbefore given in full." The
use of the phrase "and my other estate" indicates that she contem-
plated the possible application of some of her property outside the
proceeds of the farm to the payment of some of the legacies men-
tioned in the 6th section. It is unreasonable to suppose that this
phrase relates solely to the money necessary to pay the two legacies
of the 7th section; for they amounted to only $900, and with per-
sonal property in excess of $10,000, the testatrix could hardly have
assumed the occurrence of any contingency which would render her
general estate unable to pay these two legacies.

But I think that it is with reference to the first four legacies
alone, of the six legacies mentioned in the 6th section, that the will
shows that clear, separate and independent intention that the money
shall go to the legatee at all events, which is necessary to constitute
a demonstrative legacy. (*Pierrepont* v. *Edwards,* 25 N. Y. 128.)
The language of the 8th section indicates an extreme solicitude
that these first four legacies shall be paid, and, as it seems to me, is

plainly expressive of the wish of the testatrix that resort shall be had to her general estate if necessary to pay them; but I find in it no evidence of any similar sentiment or intent in reference to the fifth and sixth legacies of the 6th section. The sixth legacy, by its very terms, is not to be paid to the plaintiff unless the farm fund shall suffice to pay the same after the liquidation of the other legacies. The 8th section was not intended to modify this condition, nor do I think that its purpose was to make the fifth legacy a charge upon the general estate.

In the view taken, the first, second, third and fourth legacies given by the 6th section of the will are to be paid out of the farm fund so far as it will suffice to pay them; if there is a deficiency the general estate must make it up. The fifth and sixth legacies are payable only out of so much of the farm fund, if any, as may remain after paying the first four legacies of the 6th section. In no event are they to be charged against the general estate.

Except in these respects, the judgment of the Special Term was correct, and, after being modified as herein indicated, it should be affirmed.

All concurred.

Judgment modified as directed in opinion of BARTLETT, J., with costs to both parties payable out of the fund.