IN THE MATTER OF THE ESTATE OF MARION DOUGLAS, DECEASED,

MAY E. LIEDEL AND OTHERS v. EFFIE S. HOLMAN AND OTHERS.[1]

June 17, 1921.

No. 22,270.

**Construction of legacy in will.**

    1. A will in this action is construed and *held* to authorize payment of a legacy only out of any residue remaining after providing for certain specific gifts and annuities.

**Not a demonstrative legacy.**

    2. A demonstrative legacy is a money gift, made a charge on a specific fund, but payable at all events if the fund fails. The legacy in question is not a demonstrative legacy.

In the matter of the estate of Marion Douglas, deceased, May E. Liedel and Edward C. Liedel appealed from the final decree of the probate court for St. Louis county to the district court for that county. The appeal was heard by Fesler, J., who affirmed the decree of the probate court. From the judgment affirming the final decree, May E. Liedel and Edward C. Liedel appealed. Affirmed.

*H. J. Grannis,* for appellants.

*H. B. Haroldson* and *C. N. Blanchard,* for respondents.

HALLAM, J.

1. Marion Douglas, a Duluth lawyer, made a will in which he made

    [1]Reported in 183 N. W. 355.

specific disposition of his homestead, library, household goods, apparel, and other personal property, and then, by section numbered 3, provided "that all the balance of my estate" shall be received by trustees to be by them converted into income-bearing securities, "the income of which" to the amount of $200 per month was to be paid to his wife during her life, and "out of the balance of said income" the sum of $300 per year for life to each of three sisters and one brother, with a provision for proportionate payment to the sisters and brother in case the income shall be insufficient to pay the full amount of the annuities. Then, after directing the taking of $3,000 out of the first moneys available for the purchase of a home for the sisters, sections numbered 5 and 6 provide:

"5. It is also my wish and will that at any time after my property has been converted into income-bearing securities, sufficient to insure the payment of the above monthly and semi-annual payments therein provided for, on a basis of five per cent annual interest, my trustees shall, out of the residue of my estate, pay to Edward C. Liedel, my friend and former partner, of Duluth, Minnesota, the sum of ten thousand dollars ($10,000.00) or such part thereof as may be available after providing for the monthly and the semi-annual payments as above specified."

"6. It is further my will that after the payment of the amounts above specified, and provided for, that out of the residue of my estate, if so much remain, there be paid to Bates College, of Lewiston, Maine, the sum of ten thousand dollars ($10,000.00)."

"My said wife to have the right to dispose by will of one-third of any residue that may remain after making all the above mentioned payments; the other two-thirds of the residue that may remain after making such payments above specified, I give, devise and bequeath to the heirs of my deceased brother, Albion L. Douglas, residing in the State of Maine, or their heirs and legal representatives."

We have made two paragraphs of section 6. In the will as executed there was but one.

The probate court, and, on appeal, the district court, held that the legacy to Liedel could be paid only in the event that a balance remained after taking out the $3,000 and an amount which, on the basis

of 5 per cent interest, would yield the annuities mentioned for the widow, sisters and brother. There was no such balance. In fact the estate was not sufficient to provide the designated trust fund for said annuities. The probate and district courts accordingly held that the Liedel legacy must abate.

The legatee contends it was the intention of the testator that, even though there should not be sufficient in the trust fund to produce the annuities, to pay the $3,000, and to pay the legacy, still, any part of the legacy remaining unpaid should be paid out of the estate to be distributed after the expiration of the trusts. This would result in ultimate payment of the Liedel legacy, for the amount required to produce the annuities is not constant and will diminish and finally reduce to nothing as the beneficiaries one after another die. The legatee contends that as such contingencies happen, the legacy shall be paid out of the funds so released.

We agree with the construction adopted by the probate and district courts. Taking all the provisions of the will into account, this seems to us to have been the intention of the testator.

It is urged that this construction attaches a different meaning to the word "residue" in section 5 from that given to the same word in section 6. This is true, but we think it plain that the testator intended a different meaning in the two cases. The similar word "balance" is used in a still different sense in section 3.

2. It is contended that this is a demonstrative legacy, and not a specific legacy. A demonstrative legacy is a money gift, made a charge on a specific fund and directed to be paid out of that fund, but payable at all events even if the fund fails, if the residue be sufficient. Addington v. Smith, 83 Me. 551, 22 Atl. 470; Methodist Episcopal Church v. Hebard, 28 App. Div. 548, 51 N. Y. Supp. 546; In Re Wilson's Estate, 260 Pa. 407, 103 Atl. 880, 6 A. L. R. 1349. In the event of failure of the fund, such a legacy becomes a general legacy. A specific legacy, on the other hand, fails if the specific fund or thing given fails. Merriam v. Merriam, 80 Minn. 254, 259, 83 N. W. 162.

This is not strictly a specific legacy. It is a general gift out of a certain residue on condition that such residue exists. It is not in our opinion a demonstrative legacy. We find nothing to evince an inten-

tion that, if the residue mentioned in section 5 does not exist, the legacy is to be paid out of the final distribution of the specific trust fund. Judgment affirmed.