FRANK J. DEEMER,

*vs.*

THE PRESIDENT, DIRECTORS AND COMPANY OF THE FARMERS BANK OF THE STATE OF DELAWARE, a Corporation of the State of Delaware, surviving Trustee under the Will of Selden S. Deemer, deceased, HELEN DEEMER HODGE, EDNA DEEMER LEACH and TWONNETTE DEEMER HODGE.

*New Castle, November 8, 1944.*

*Joseph Donald Craven,* for complainant.

*Thomas M. Keith,* of Smith & Keith, for the President, Directors and Company of the Farmers Bank.

HARRINGTON, Chancellor: Selden S. Deemer, late of the Town of New Castle, by item 12 of his last will and testament, bequeathed ten thousand dollars to the trustees therein named, directing them:

"* * * to pay the net income thereof or of the residue thereof in quarterly installments unto my (his) * * * brother, Frank J. Deemer, for and during the term of his natural life, and * * * * to pay yearly unto my (his) said brother, Frank J. Deemer, the sum of Five Hundred Dollars ($500.00) of the principal of said trust fund of Ten Thousand Dollars ($10,000.00) the first of said payments to be made one year after the said Trustees shall receive said legacy of Ten Thousand Dollars ($10,000.00), until the said principal shall be entirely exhausted, provided, however, that if the said Frank J. Deemer shall die before the payment to him of all of said trust fund of Ten Thousand Dollars ($10,000.00), then in Trust, to pay the residue of said trust fund of Ten Thousand Dollars ($10,000.00) and any increase thereof as hereinafter provided, in equal shares to and amongst his two daugh-

ters, Edna and Helen, and if either or both of said daughters should then be deceased, leaving children surviving, the share of each such daughter shall be divided equally to and amongst her said children, and if one of said daughters should then be deceased leaving no children surviving her, then, in Trust, to pay the entire residue of said trust fund of Ten Thousand Dollars ($10,000.00) and any increase thereof as hereinafter provided, unto the other daughter, if living, or to her children in equal shares if she be then deceased."

The testator died December 20th, 1934, and the bequest in trust was to The President, Directors and Company of the Farmers Bank and to Charles Warner Smith. The latter died January 26th, 1936, and the Farmers Bank accepted the trust. No funds were paid to the trustee by the executors of Selden S. Deemer's estate until September 14th, 1942, and only $5,474.04 was ever received, as the personal estate of the deceased was not sufficient to pay in full the legacies given by his will, and each abated accordingly. The bill alleges that only $5,309.80 was received by the trustee, but a representative of the bank stated at the argument that a later payment of $164.24 had been made by the executors.

The question is whether Frank J. Deemer is entitled to an annual payment of $500 from the capital fund, or whether those payments must be reduced in proportion to the capital received by the trustee. Out of abundant caution, the trustee adopted the latter course, and in 1943 paid him only $273.70 from that fund. I agree with Frank J. Deemer's contention that $500 was due him. By the terms of the testator's will, the fixed annual payments provided for must continue during his life "until the said principal shall be entirely exhausted." No qualification or condition is attached to that clear and specific provision, and the trustee has capital funds in hand which can be used for that purpose. The will also provides that if Frank J. Deemer "shall die before the payment to him of all of said trust fund," that the trustee shall "pay the residue of said * * * trust fund * * * in equal shares to and amongst his two daughters, Edna and Helen." Other substitutional provisions follow. The repeated reference

in the will to the amount of the bequest in trust does not limit the rights of the complainant or make full payment of the specified annual sum conditional upon the corpus amounting to ten thousand dollars. In the broad sense of the term, perhaps the annual $500 payment from the trust capital may be called an "annuity" (3 *Page on Wills*, [*L. T. Ed.*] 1173; *Alexander's Com. on Wills*, 991; *Addition v. Smith*, 83 *Me.* 551, 22 *A.* 470; 3 *C. J. S., Annuities*, § 1, *pp.* 1373, 1374); but, in view of the express language of the will it is unnecessary to determine that question. *Provident Trust Company v. Graff*, 18 *Del. Ch.* 255, 157 *A* 920, is not pertinent.

A decree will be entered for the complainant in accordance with this opinion.