In re the ESTATE OF Anita
Ann LUND, Deceased.

No. C6–01–390.

Court of Appeals of Minnesota.

Sept. 25, 2001.

Charles C. Kallemeyn, Kallemeyn & Kallemeyn Law Office, Coon Rapids, for respondent.

Michael W. Coopet, Arden Hills, for appellant.

Considered and decided by KALITOWSKI, Presiding Judge, KLAPHAKE and HALBROOKS, Judges.

## OPINION

HALBROOKS, Judge.

In this probate matter, the testator's will contained a provision entitling respondent to funds for each month that the respondent cared for the testator before the testator died. Appellant personal representative argued that the devise was to

be satisfied by the proceeds from specific real estate and that the devise was adeemed by extinction when the named real estate was sold and its proceeds used to purchase different property before the testator's death. The district court ruled for respondent and the personal representative appealed. Because the district court correctly applied the law of ademption, we affirm.

## FACTS

On September 25, 1992, decedent Anita Ann Lund (testator) executed her will. The will gave respondent Robert Lund, one of testator's sons, the right to purchase her "home at 13929 Quinn St." within one year following her death. Pursuant to the terms of the will, the purchase price would to be reduced by 1/5—respondent's per stirpes share of the home—and a $500 per month credit for each month he cared for the testator in her home (the "care credit"). If respondent chose not to purchase the home, the will provided that he would receive the care credit "before the remainder of the sale proceeds [were] distributed" per stirpes to the testator's children, including respondent.

In December 1992, respondent and his family moved into the Quinn Street home with testator and began caring for her. In 1996, testator sold the Quinn Street home and purchased a home on 215th Lane. Testator, respondent, and respondent's family lived together in the new home on 215th Lane until the testator's death in August 1999.

Subsequent to the testator's death, respondent presented statements of claim to his mother's estate for the care credit. Appellant Lawrence Lund, personal representative of the testator's estate and brother of respondent, disallowed the claim. Respondent brought a claim in probate court.

The parties stipulated to the facts, including the fact that the testator "intended" that respondent "receive a payment from her estate in the amount of $500.00 multiplied by the number of months for which [respondent] provided for [testator's] care at her home." In addition, the parties agreed that respondent provided in-home care for his mother from December 1992 until her death in August 1999. The court held that respondent's right to purchase the Quinn Street home was adeemed by extinction, but that the $500 monthly care credit remained valid. The court directed appellant to pay $40,000 to respondent to satisfy the care credit ($500 per month for 80 months of care). This appeal follows.

## ISSUES

1. Was the care credit a specific or demonstrative legacy?
2. Were the proceeds from the sale of the Quinn Street home intermingled, thereby subject to ademption?

## ANALYSIS

### I.

Appellant argues that the care credit was a specific devise to be paid only if the proceeds from the Quinn Street home existed in the testator's estate at the time of her death. Therefore, appellant asserts, the district court erred when it held that the care credit was not adeemed by extinction once the Quinn Street home was sold.

A specific legacy fails if the fund or thing given is not in the estate at the time of the testator's death. *In re Douglas' Estate,* 149 Minn. 276, 278, 183 N.W. 355, 356 (1921). "A legacy is specific, when it is the intention of the testator that the legatee should have the very thing bequeathed, and not merely a correspond-

ing amount in value." *In re Lewis' Estate,* 148 Neb. 592, 28 N.W.2d 427, 431 (1947). In contrast,

> [a] demonstrative legacy is a money gift, made a charge on a specific fund and directed to be paid óut of that fund, but payable at all events even if the fund fails.

*Douglas' Estate,* 149 Minn. at 278, 183 N.W. at 356 (citations omitted). Because of the harsh results that occur when a legacy is deemed specific, courts prefer to construe a bequest as general or demonstrative. *Chalkwater v. Dolly,* 108 Md.App. 539, 672 A.2d 673, 676 (1996).

██ Appellant argues that the testator's intent must be ignored in determining whether a specific bequest is adeemed. Appellant correctly notes that this is the rule in the majority of states. *In re Estate of Hume,* 984 S.W.2d 602, 604–05 (Tenn. 1999). But this rule applies only after a court determines that a bequest is specific. *Id.* (concluding that the specific bequest was adeemed). The theory behind ademption by extinction is that when a testator makes a specific bequest, he or she intends the bequest to fail when the designated asset is no longer part of the estate. *Wasserman v. Cohen,* 414 Mass. 172, 606 N.E.2d 901, 902–03 (1993) (holding that the doctrine of ademption "seeks to give effect to a testator's probable intent by presuming he intended to extinguish a specific gift of property when he disposed of that property prior to his death."). Therefore, a testator's intent is relevant in determining ·if a devise is a specific or demonstrative bequest. *Douglas' Estate,* 149 Minn. at 278–79, 183 N.W. at 356 (examining testator's intent in determining whether a bequest is specific, general, or demonstrative). Moreover, because courts disfavor specific bequests, the intent to create a

specific legacy must, therefore, be especially clear. *In re Estate of Lung,* 692 A.2d 1349, 1350 (D.C.1997) (citations omitted).

██ When interpreting a will, we determine the testator's intent from a full and complete consideration of the entire will. *In re Estate of Zagar,* 491 N.W.2d 915, 916 (Minn.App.1992). The district court did not label the care credit, but, by holding that it was not adeemed by extinction, we assume the court found it to be a demonstrative legacy.[1] A reading of the will in its entirety supports the district court's conclusion. The bequest to respondent, in the article of the will entitled "Special Gifts," begins by stating generally that property used by the testator "for residential purposes" will be distributed to her children as designated. Only within the next subsection is the Quinn Street home expressly mentioned. Specifically, the provision of the will at issue states that

> [respondent] shall have the right and option to purchase my home at 13929 Quinn St. * * *. His option shall be to purchase the home for its fair market value (FMV), less the value of his equal percentage among my children (i.e., less ⅙ of FMV), and $500 per month credit for his care for me at home from July, 1992 * * *. If [respondent] does not purchase the house, *he shall still receive credit for his care for me* at home * * * before the remainder of the sale proceeds are distributed in equal shares to all my children.

(Emphasis added.)

Based on the phrase "he shall still receive credit for his care for me," it is reasonable to conclude that the testator intended the care credit be given to respondent regardless of the source. The

---

1. The district court concluded that respondent's right and option to purchase the Quinn   Street home was adeemed by extinction, implicitly ruling that it was a specific bequest.

bequest was not an object or a specific fund. *Cf. In re Estate of Kelleher*, 140 Minn. 409, 412, 168 N.W. 586, 587 (1918) (finding bequest of life insurance proceeds to be specific bequest). Rather, it was to compensate respondent for services provided to testator during her life. The proceeds from the real estate sale were simply the primary fund from which to pay the care credit. Accordingly, we hold that the testator intended respondent to receive the "value" of $500 for each month he cared for the testator, whether or not the proceeds of the sale of the Quinn Street home were available to fund the bequest.

■ Our holding is in conformity with the Uniform Probate Code. In 1990, the Uniform Probate Code was revised to include a rebuttable presumption of intent not to adeem, based on the assumption that this approach is more likely in accord with the testator's wishes. *See* Unif. Probate Code § 2–606(a)(6) & cmt (amended 1997), 8 U.L.A. 176–77 (Supp.2001); Gregory S. Alexander, *Ademption and the Domain of Formality in Wills Law*, 55 Alb. L.Rev. 1067, 1067, 1079 (1991) (explaining the amendment). After this revision to the Code, the beneficiary of a specific devise that is no longer found in the testator's estate is entitled to the value of the gift unless facts and circumstances indicate that the testator intended an ademption. Unif. Probate Code § 2–606(a)(6) (amended 1997), 8 U.L.A. 176 (Supp.2001). Here, there are no facts in the record indicating an intent to adeem. In fact, the contrary is true. Both respondent's conduct in providing the home care for the testator and the stipulated facts demonstrate to us that the testator intended that respondent receive the care credit.

■ In conclusion, given that the will identifies a certain amount of money, and that the money was intended to compensate for services and to be paid regardless of the source, we hold that the testator intended a demonstrative bequest. *Cf. In re Cosgrave's Will,* 225 Minn. 443, 458, 31 N.W.2d 20, 30 (1948) (finding no demonstrative legacy because there was no specified sum of money, the gift was "not to be paid at all events," and only to be paid out one source). Because the care credit bequest was demonstrative, it was not adeemed when the Quinn Street home was sold, and the district court correctly ordered the estate to satisfy respondent's claim.

## II.

■ Appellant argues that because the proceeds of the sale of the Quinn Street home are not traceable, they are not available to satisfy the care credit. Because the tracing issue was not raised or addressed at the district court, we will not address this issue. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (issues not argued should not be considered).

## DECISION

The district court did not err in holding that the care credit was not adeemed and by ordering the estate to satisfy respondent's claim.

**Affirmed.**