## Wilson's Estate.

*Wills—Legacies—General — Specific — Demonstrative — Intention—Presumption—Sale of real estate by testator—Subsequent codicil—Bequests referring to fund derived from sale—Construction.*

1. If a legacy be given with reference to a particular fund, only as pointing out a convenient mode of payment, and there is a fixed and independent intent to give the legacy, separate and distinct from the property designated as the source of payment, the legacy is demonstrative; but where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intention to burden that object alone with the payment, it is specific, and liable to be adeemed by the alienation or destruction of the object.

2. There is a presumption that a legacy is general, and it will only be construed specific where such intention be either expressed in reference to the thing bequeathed, or otherwise clearly appears from the will.

3. A testatrix, five years before her death, made a will, bequeathing legacies amounting to $59,450; four years before her death, testatrix sold certain of her real estate for $85,000. Thereafter she executed a codicil making pecuniary bequests aggregating $75,000. The pecuniary bequests in her will and codicil totalled approximately $104,000 while the fund for distribution after her death was only $89,000. Each of the first five clauses of the codicil was devoted to a particular bequest to an individually named legatee. The sixth clause thereof provided: "I direct that the principal sums of the bequests hereinabove made shall be deducted from $85,000 which is the amount I received from the proceeds of sale of (real estate mentioned), and such balance as there may remain after such deduction, I give and bequeath in equal shares to (certain named charities)." The individual legatees named in the codicil contended that their legacies were demonstrative, and were to be paid from the fund realized from the sale of the real estate. The charities contended that they were entitled to the balance of the proceeds of the sale of the real estate after payment of the legacies charged thereon. The lower court held that the legacies

under the original will as well as those under the codicil were general and made a pro rata distribution among the legatees under both instruments excluding the charities named in the codicil. *Held,* (1) the reference to the $85,000 received by testatrix from the sale of her real estate was introduced in the codicil with no intention to affect this particular fund in itself in any way, but simply and only to provide some certain standard by which the uncertain amounts of the bequests to the charitable societies might be made certain, (2) the legacies contained in the codicil were general, (3) the charities in the codicil were not entitled to share, their gift being in remainder and the fund being exhausted, and (4) the distribution as made by the lower court was proper.

Argued Jan. 22, 1918. Appeals, Nos. 282, 369, 370, 290 and 301, Jan. T., 1917, by Martha R. Wilson, Elizabeth E. Wilson, Alice Wilson, The Home for Aged and Infirm Colored Persons, and The Jefferson Hospital, from decree of O. C. Philadelphia Co., July T., 1916, No. 353, dismissing exceptions to adjudication in Estate of Annie M. Wilson, deceased. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before LAMORELLE, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the exceptions. Martha R. Wilson, Elizabeth E. Wilson, Alice Wilson, The Home for Aged and Infirm Colored Persons and The Jefferson Hospital appealed.

*Error assigned* was in dismissing the exceptions.

*Thomas O. Peirce,* with him *Walter Penn Shipley,* for The Home for Aged and Infirm Colored Persons, appellant.—The legacies created by the codicil in favor of the charities were specific: Drayer's Est., 25 Pa. Dist. Rep. 1141; Black's Est., 223 Pa. 382; Henry's Est., 24 Pa. Dist. Rep. 168.

*Maurice Bower Saul,* of *Prichard, Saul, Bayard & Evans,* for The Jefferson Hospital, appellant.—The lega-

cies created by the codicil in favor of the charities were specific: Welch's App., 28 Pa. 363; Walls v. Stewart, 16 Pa. 275; Barklay's Est., 10 Pa. 387.

*F. B. Bracken,* with him *Charles B. Evans,* for Martha R., Elizabeth E. and Alice Wilson, appellants.

*Shippen Lewis,* of *MacCoy, Evans, Hutchinson & Lewis,* with him *Charles Sinkler,* of *Williams & Sinkler,* for appellees.—The legacies in the codicil are general: Nolen's Est., 19 D. R. 660; Welch's App., 28 Pa. 363; Gallagher v. Gallagher, 6 Watts 473; Armstrong's App., 63 Pa. 312; Black's Est., 223 Pa. 382; Henry's Est., 24 D. R. 168.

OPINION BY MR. JUSTICE STEWART, February 25, 1918:

The testatrix, Annie M. Wilson, died 3d July, 1915, leaving a last will executed 3d March, 1910, in and by which she bequeathed pecuniary legacies amounting in the aggregate $59,450. In June, 1911, she disposed of by sale a valuable piece of real estate in the City of Philadelphia, receiving therefor the sum of $85,000. Her personal estate being thus largely increased, in order to dispose of part or all of this increase otherwise than under the residuary clause of her original will, she executed a codicil under date of October 4, 1911, in and by which she made additional pecuniary bequests amounting in the aggregate to $75,000. Her estate is now for distribution. The pecuniary legacies given in the will and codicil together—not including the bequests to several charitable societies mentioned in the codicil,—amount to $104,450, while the fund out of which they are payable amounts to $89,011, to which is to be added, as derived from the income, $4,135.27 less inheritance tax which remains to be deducted. It is this marked discrepancy between the amount of the legacies and the fund available for payment that gives rise to the present contention. The learned auditing judge holding the view that the

pecuniary legacies bequeathed by the original will as well those by the codicil—not including the bequest to the several charitable societies therein named—were alike general legacies, and because in the aggregate they exceeded in amount the fund for distribution, they were entitled to the whole fund, made pro rata distribution among them, denying any participation to the charitable societies named in the codicil. Exceptions were filed on behalf of these societies and by several of the individual legatees under the codicil with the result that after hearing the exceptions were dismissed and the adjudication was confirmed by a divided court. From this decree we have here five separate appeals. They require to be distinguished for present purpose no further than that in the first three—appeals of Martha R. Wilson, Elizabeth E. Wilson and Alice Wilson—the subject of complaint is the same in each, namely, that the court erred in directing an abatement of the legacies given them in the codicil; while in the other two—appeal of The Home for Aged and Infirm Colored Persons, and appeal of the Jefferson Hospital—the complaint is the same in each, namely, that the court erred in declining to allow the charitable societies named in the sixth clause of the codicil participation in the distribution of the estate. It will be seen as we proceed that the answer to the contention urged in behalf of the charitable societies will depend largely, if not entirely, upon our conclusion with respect to the contention of the individual legatees. We shall therefore first address ourselves to the question raised by the latter. The position taken by the appellants here first named, is, that the legacies given them under the codicil, $3,000 to each, are demonstrative, and therefore not subject to abatement for insufficiency of assets. If the legal proposition here asserted, that these legacies are demonstrative, were to be conceded, it would follow necessarily that the conclusions arrived therefrom would be correct—that these legacies have been improperly subjected to abatement; but this is only stating the real con-

troversy, which is, are these legacies demonstrative? The court below held they were not demonstrative but general. It is important before proceeding further that we get a clear understanding of what is meant in law by a demonstrative bequest or legacy, so that we may not underestimate the burden assumed by him who asserts such claim. Nowhere can we find it more intelligibly and satisfactorily defined than in Walls v. Stewart, 16 Pa. 275, where Mr. Justice BELL, after a discussion of the several kinds of legacies specific and demonstrative, thus concludes, "The distinction (between them) seems to be this: If a legacy be given with reference to a particular fund, only as pointing out a convenient mode of payment, it is considered demonstrative, and the legatee will not be disappointed though the fund totally fail. But where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intent to burden that object alone with the payment, it is esteemed specific, and consequently liable to be adeemed by the alienation or destruction of the object. In this, as in other questions springing from the construction of wills, the intention of the testator is principally to be ascertained, and it is said to be necessary that the intention be either expressed in reference to the thing bequeathed, or otherwise clearly appear from the will, to constitute a legacy specific. If it be manifest there was a fixed and independent intent to give the legacy, separate and distinct from the property designated as the source of payment, the legacy will be deemed general or demonstrative, though accompanied by a direction to pay it out of a particular estate or fund specially named." To this we may add what is said by GIBSON, C. J., in Blackstone v. Blackstone, 3 Watts 335. "It is certainly true that the presumption of intention is favorable to general legacies in the first instance, and that it requires clear proofs of a restrictive intention to repel it." In all such contentions it is the intention of the testator as expressed in his will that prevails, and when

this can be satisfactorily ascertained from the language used the inquiry extends no further, but stops right there. The contention of these appellants controverts nothing we have so far said, but rests exclusively upon the sixth clause of the codicil, and from the language there used they seek to derive a clear intent on part of this testatrix to make the legacies given in the codicil demonstrative. Each clause in the codicil preceding the sixth contains a distinct bequest; in some the gift is absolute to a single individual, in others it is to a trustee and the beneficiaries there are several, but each clause is devoted exclusively to some particular bequest. Then the sixth clause is reached which reads as follows—"Sixth: I direct that the principal sums of the bequests hereinabove made shall be deducted from eighty-five thousand dollars ($85,000), which is the amount I received from the proceeds of sale of 1712 Walnut street, and such balance as there may remain after such deduction, I give and bequeath in equal shares unto the Day Nursery, now situate at No. 2218 Lombard street, Philadelphia, The Home for Aged and Infirm Colored Persons, now situate at Belmont and Girard avenues, Philadelphia. The Indigent Widows and Single Women's Society of Philadelphia, now situate at 3615 Chestnut street, Philadelphia, and the Home for the Aged, now situate in 1809 Mt. Vernon street, Philadelphia." Tested by the general rules governing such cases to which we have adverted, what is there in this clause that indicates an intention on the part of the testatrix to make a gift of the fund derived from the sale of the real estate, in whole or in part, to these appellants, or anybody else; or what is there to suggest a segregation of such fund from the balance of her estate and a gift of it as something distinct and separate, or a purpose to burden it with some charge for which the general estate would otherwise be liable? These things are required to appear affirmatively before the legal presumption that the legacies are general and not either demonstrative or specific can be overcome. To our mind it is perfectly

clear that reference to the $85,000 received by testatrix from the sale of her real estate was introduced with no intention to affect this particular fund itself in any way, but simply and only to provide some certain standard by which the uncertain (in amount) bequests to the charitable societies could be made certain. The bequest was of whatever balance might remain after deducting the legacies "hereinabove made" from an ascertained and fixed sum, one not in any sense variable. It is a fact, admittedly well known to the testatrix, that she had expended much of that she had received for her real estate, and presumably she expected to expend still more if she lived. Knowing that her general estate would be applied to the payment of the legacies, whether given in the will or codicil, and knowing further what these would amount to in the aggregate, but not knowing what the general estate applicable would amount to, depending upon what she had already expended thereout and how much she might yet expend, she adopted a fixed quantity from which the subtraction of the legacies could be made, namely the total price paid her for the real estate sold, and gave the balance, if any, to the charitable societies. Whether this be a correct interpretation of testatrix's purpose so far as relates to the reference to the sum received on the sale of the real estate in the will, or otherwise, it nevertheless remains true that there is nothing in the will that indicates any purpose on part of the testatrix to make demonstrative the legacies given to these appellants. We therefore conclude that they were general and as such subject to abatement.

What we have said applies with equal force in the appeals of the two charitable societies, and a like result there must follow. We may further add: if the legacies given by the codicil were demonstrative then they had a right to participate in the general fund; if their participation so increased the liability of the estate to general legatees as to exhaust the fund for distribution, leaving nothing in remainder, the bequests to the several chari-

table societies failed, and they were properly denied participation in the distribution. The appeals are severally dismissed, for the reasons we have stated, and the decree appealed from is confirmed.