SHAW, EXR., *v.* SHAW ET AL.

(Decided ·February 27, 1928.)

*Mr. Max Norpell,* for plaintiff.
*Mr. Chas. W. Montgomery,* for defendants.

Houck, J. This cause is here on appeal from the common pleas court of Licking county. It is one in equity, and the relief sought is the proper and true construction of the last will and testament of Daniel Shaw, deceased.

While it is necessary to examine all of the items and take same into consideration in construing the will in question, yet the two items of the will which are the cause of the contention are the following:

Item 5 reads: "The sixty acres (60) purchased by my father, William Shaw, from William Stanberry, and purchased by me from my father, Wil-'liam Shaw, in Madison Township, Licking County, Ohio, and being part of said two hundred acre farm above mentioned, is to be sold by my executors, either at private or public sale, without any order of the court, together with a right-of-way from the sixty acres over the one hundred and forty acres to the public highway; said right-of-way to lead from the sixty acres to the right-of-way or road now used over the one hundred and forty acres to the public highway. If, however, during my lifetime I should secure any other right of way from said sixty acres to the public highway the provision as to the right of way over the one hundred and forty acres is cancelled."

Item 6 reads: "The proceeds arising from the sale of said sixty acres to be paid as follows: $2,000.00 to be invested by my executors in Government Bonds or good mortgage securities and the interest thereof paid to my grandson, Levi Daniel Montgomery; until he arrives at the age of thirty years, when the principal is to be paid to him. The balance of the proceeds of said sixty acres is to be paid to my wife to do with as she sees fit."

Item 1 provides for the payment of debts, funeral expenses, and expenses of administration; item 2, for the erection of a monument; item 3 is a specific devise to testator's widow, Angeline Shaw, of certain real estate in the city of Newark; item 4 is a specific devise to testator's son, Daniel B. Shaw, of the 140 acres off the west side of testator's 200-acre farm, in which Daniel Shaw receives but a life estate, the same at his death to go to his issue; item 7 is a specific bequest of the farm machinery, tools, and implements to Daniel B. Shaw.

Item 8 is as follows: "I give and bequeath to my wife all of the rest and residue of my estate of every kind and description."

The question raised in this case grows out of the fact that the personal property left by decedent at the time of his death amounted to about $300, and the aggregate amount of debts of decedent amounted to about $4,453.

This presents the question as to how the legatees and devisees are to contribute to the payment of the debts of the estate of decedent.

Section 10583 of the General Code of Ohio reads: "When any estate, real or personal, devised, is taken from the devisee for the payment of the testator's debts, the other devisees and legatees must contribute their respective proportions of the loss to the person from whom it was taken, so as to make the loss fall equally on all the devisees and legatees, according to the value of the property received by each of them excepting as provided in the next following section."

Section 10584 of the General Code of Ohio reads: "If, in such case, by making a specific devise or

bequest, the testator has virtually exempted a devisee or legatee from his liability to contribute, with the others, for the payment of debts, or if, by other provision in the will, he has prescribed or required an appropriation of his estate, for the payment of his debts, different from that prescribed in the next preceding section, the estate must be appropriated and applied in conformity therewith.''

It is claimed by counsel for plaintiff that the $2,000 legacy left to Levi Daniel Montgomery, as provided in item 6, should bear its proportionate share of the debts, while learned counsel for this legatee contends that said legacy should not be required to contribute in any way to the deficit in the estate caused by the debts of said testator.

This brings us to the question as to what kind of a legacy the $2,000 is. The books say that the two main classes of legacies are general and specific; the distinguishing features being that the latter is a gift of specific property distinguishable from the. balance of the estate; while the former is a gift not subject to identification, but to come out of the general assets of the estate.

It is further discussed and laid down by text-writers that there is another kind of legacy, however, termed ''demonstrative,'' which, although partaking of the nature of both the general devises, is often designated as a third class. Thus a demonstrative legacy is a gift of money or other property charged on a particular fund in such a way as not to amount to a gift of the corpus of the fund or to evince an intent to relieve the general estate from liability in case the fund fails. However, if the reference to a particular fund in connection with the legacy

is made only for the purpose of pointing out a convenient mode of payment, it is considered demonstrative, and the legatee may be paid out of the general assets of the estate should the particular fund fail. But where the gift is of the fund itself, in whole or in part, or a gift so charged upon the object made subject to it as to show an intent to burden that object alone, it is specific.

Therefore it follows that, in order for a legacy to be demonstrative, two elements must appear:

(1) That the testator intends to make an unconditional gift in the nature of a general legacy.

(2) That the bequest indicates the fund out of which it is payable.

Our Supreme Court, in the case of *Glass* v. *Dunn*, 17 Ohio St., at page 424, has laid down the rule as to what constitutes a demonstrative legacy, as follows:

"The right of the plaintiffs to contribution depends upon the question whether they are to be regarded as mere general pecuniary legatees, or whether their bequests are not in the nature of specific legacies, or of the kind denominated 'demonstrative legacies.' If of the latter kind, they stand on the same footing, so far as the right to contribution is concerned, with specific devises and legacies. But are they of this description? A demonstrative legacy is 'a bequest of a sum of money payable out of a particular fund or thing.' It is a pecuniary legacy, 'given generally, but with a demonstration of a particular fund as the source of its payment.' It is, therefore, equivalent to, or in the nature of, a devise or bequest of so much or such a part of the fund or thing specified."

In construing whether a legacy is general, specific, or demonstrative, it must be remembered that the will of the testator is the law of the court, and that the testator's intention, so far as it is lawful, is his will. It is therefore the intention which must be ascertained.

If compatible with the language used, legacies will be construed as general or demonstrative, but, if the language is clear and unequivocal, and plainly evidences an intent to create a specific devise, the court must give effect to such language and intent.

We do not think it would be seriously contended, if the testator had, during his lifetime, sold and disposed of the 60-acre tract of land out of which the $2,000 legacy in question was to be paid, that it could be paid from the proceeds of any other part of the testator's estate. If this be true, then the $2,000 legacy is specific in kind and nature and not general or demonstrative. The intention of the testator must be ascertained from the four corners of the will, and, having failed to provide for the payment of his debts out of any specific part of his property, it necessarily follows that the $2,000 legacy must bear its proportionate share, and, there being nothing left for distribution under the general residuary clause, and the testator having disposed of to the legatees and devisees more estate than he possessed, it occurs to us that, in equity, as well as in law, all of the legatees and devisees must contribute to the deficit in proportion to their amounts.

Under the conceded facts, under the law relating to legacies and devisees, and under all of the plain provisions of the statutes of Ohio, as herein cited, and keeping in mind the intention of the testator

as obtained from the entire will, we are of the unanimous opinion that the $2,000 legacy, in law, must contribute to its proportionate share of the deficit created by the debts of the estate of Daniel Shaw deceased.

*Decree accordingly.*

SHIELDS, and LEMERT, JJ., concur.