CLARENCE H. MAXIM, APPELLANT, *vs.* HARRY F. MAXIM, EXECUTOR

WILL OF LEANDER E. MAXIM.

Somerset.        Opinion November 1, 1930.

*Dana S. Williams*, for plaintiff.
*D. J. McGillicuddy*,
*Frank H. Purinton*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

FARRINGTON, J.   The case comes up on appeal from the decree of a single Justice reversing a decree of the Judge of Probate of Somerset County on a bill in equity asking for construction of the will of Leander E. Maxim of Madison, Maine, who died on May 6, 1928. The will in question is dated January 21, 1920.

Construction was sought regarding bequests contained in clauses of the will designated as from two (2) to seven (7), inclusive. The

attorneys of record, by written stipulation filed with the Court, have agreed "to accept the finding of Judge Charles O. Small, Judge of Probate, Somerset County, and Hon. William H. Fisher, Justice of the Superior Court, as to clause Seven of the will as modified by the First Codicil to said will: both of said Judges finding that the same is a general legacy." By the same stipulation "It is agreed by the parties hereto through their attorneys of record that the Will and the First and Second Codicils thereto as certified by Philo Steward, and attached hereto are hereby made a part of the printed record of said case." We are therefore concerned for the purposes of construction with only clauses two (2) to six (6) inclusive, which, with clause seven, as it may bear on that construction, are as follows:

"Second. I have a Six Thousand Dollar Note, in the Fidelity Trust Company Bank, of said Portland, together with a Mortgage, of equal amount, and date, due me, on October 1st, A.D. 1924, from Parker Brothers Land Company, of Julesburg, in the County of Sedgwick, and State of Colorado, with Interest at Six per cent per annum, Interest payable Annually, said Mortgage being recorded in the Registry of Deeds, in the County of Perkins, and State of Nebraska, Book 7, Page 297, which said Note and Interest thereon, the said Fidelity Trust Company is to collect for me, when said money becomes due. Out of this said amount, I give and bequeath, to my beloved Grandson, Clarence H. Maxim of Lewiston, in the County of Androscoggin, and said State of Maine, the sum of Two Thousand Dollars.

Third. I give and bequeath, out of said amount of money, to my beloved Brother, George W. Maxim, of Everett, in the County of Middlesex and Commonwealth of Massachusetts, the sum of One Thousand Dollars.

Fourth. I give and bequeath, out of the said amount of money, to my beloved Brother, Truman F. Maxim, of said Portland, the sum of One Thousand Dollars.

Fifth. I give and bequeath, out of the said amount of money, to my beloved Brother, Edward A. Maxim, of Madison, in the County of Somerset, and State of Maine, the sum of One Thousand Dollars.

Sixth. I give and bequeath, out of said amount of money, to my

beloved niece, Carrie May Hetherington, of Cole's Island, Cody's Station, Queen's County, New Brunswick, the sum of One Thousand Dollars.

Seventh. I give and bequeath, out of the said amount of money, viz., the Interest Money thereof, if there be that amount, the sum of Five Hundred Dollars, to my beloved Daughter-in-law, Lilla May Eldridge, of Whitefield, in the County of Coos, and State of New Hampshire. If however, there should be a less sum, than Five Hundred Dollars, then in this event, the said Carrie May Hetherington, is to have what amount there is. If there be a greater amount, than said sum of Five Hundred Dollars, then it is my desire that my administrator, the said Harry F. Maxim, shall pay that said balance, over to Leonard Washburn, in the Town of Madison, County of Somerset, and said State of Maine."

Two codicils to the original will were made. The first one dated July 6, 1923, changed clause seven (7) to read as follows: "Section 7, I give and bequeath to my beloved daughter-in-law Lilla May Eldridge of, Whitefield in the County of Coos and State of New Hampshire, the specific legacy of five hundred dollars, said amount to be paid by the Executor Harry F. Maxim. I give and bequeath out of my said property the specific legacy of two hundred dollars to be paid to Leonard Washburne in the town of Madison in the County of Somerset and State of Maine." And then as "an addition to the Seventh Paragraph so termed in my will" the testator made this provision: "I give, bequeath and devise all the rest, residue and remainder of my estate, either real, personal or mixed wherever and however situated and wherever or however found to my beloved grandson, Clarence H. Maxim of Lewiston in the County of Androscoggin and State of Maine."

The second codicil, dated July 1, 1925, added an eighth clause which made certain provisions which have nothing to do with the clauses of the will which we are considering and throw no light on their construction.

The Judge of Probate in his decree found, "that the bequests in Clauses 2 to 6, both inclusive of the testator's will, are not specific legacies but belong to that class of legacies sometimes denominated demonstrative legacies, and the particular fund out of which they

were made payable, namely the $6,000.00 note of the Parker Brothers Land Company, fully described in the testator's will and in the plaintiff's bill, having been collected and the proceeds otherwise invested or mingled by the testator with his other property during his lifetime, are not adeemed or lost but are payable as demonstrative legacies out of any other available assets of the testator's estate, and the executor, Harry F. Maxim, is hereby instructed to pay the several legatees named in said clauses the amount of their respective bequests."

From this decree Clarence H. Maxim, one of the legatees in the second clause of the will, took an appeal, which was sustained by the sitting Justice, who reversed the decree and found that "as to the bequests in Clauses 2 to 6, both inclusive, of said will, I am satisfied that according to the weight of authority in this State, they should be held to be specific legacies, and the fund from which they were to be payable having been extinguished during the lifetime of the testator, the legatees named therein take nothing by reason of such bequests."

The issue in the instant case relating to clauses two (2) to six (6) inclusive, is thus sharply defined.

For general purposes legacies are commonly considered as falling into one of three classes designated as specific, general and demonstrative, the latter class partaking somewhat of the nature of a specific legacy in that a particular fund is indicated, but a legacy which is not lost by reason of failure or non-existence of the fund at the testator's death, and which like a general legacy is payable out of the general assets.

A specific legacy is a bequest of a specific article or particular fund which can be distinguished from all the rest of the testator's estate of the same kind. *Stilphen, Appellant*, 100 Me., at page 152; *Spinney* v. *Eaton*, 111 Me., at page 5; 28 R. C. L., 289.

"A specific legacy is a bequest of a specific thing or fund that can be separated out of all the rest of the testator's estate of the same kind, so as to individualize it, and enable it to be delivered to the legatee as the particular thing or fund bequeathed." *Palmer, Aplt.*, v. *Palmer*, 106 Me., 25, 30.

"Where the bequest is a part of a particular thing or money it

is specified and distinguished from all others of the same kind, it is individualized, and susceptible of distinct identification, and is, therefore, a specific legacy." *Myers* v. *Myers*, 33 Ala., 85.

"A legacy is specific, when it is the intention of the testator that the legatee should have the very thing bequeathed, and not merely a corresponding amount in value." *Wallace* v. *Wallace*, 23 N. H., 149, at page 154.

Courts are averse to construing legacies as specific and will do so only when the intent of the testator to make them such is clear and plain. *Spinney* v. *Eaton et als*, supra; *Wilcox et al* v. *Wilcox et al*, 13 Allen, 256; *Wallace* v. *Wallace*, supra; *Blair* v. *Scribner et al*, 65 N. J. Eq., 498; 57 Atl., 318; *Kenaday* v. *Sinnott*, 179 U. S., 606, which cites with approval *Tifft* v. *Porter*, 8 N. Y., 516; *Shaw* v. *Shaw*, Ohio Ct. App., 167 N. E., 611; In re *Wilson Estate* (Pa.),.103 Atl., 880.

The Court in *Tifft* v. *Porter*, supra, says, "A legacy is general, when it is so given as not to amount to a bequest of a particular thing or money of the testator distinguished from all others of the same kind. It is specific, when it is a bequest of a specified part of the testator's personal estate which is so distinguished . . . The inclination of the courts to hold legacies to be general, rather than specific, and on which the rule is based that to make a legacy specific, its terms must clearly require such a construction, rests upon solid grounds. The presumption is stronger that a testator intends some benefit to a legatee, than that he intends a benefit only upon collateral condition that he shall remain till death, owner of the property bequeathed. The motives which ordinarily determine men in selecting legatees, are their feelings of regard, and the presumption of course is that their feelings continue and they are looked upon as likely to continue. An intention of benefit being once expressed, to make its taking effect turn upon the contingency of the condition of the testator's property being unchanged, instead of upon the continuance of the same feelings which in the first instance prompted the selection of the legatee, requires, as it ought, clear language to convey that intention."

The Court in *Nusly* v. *Curtiss*, 36 Col., 464, 85 Pac., 846, says, "a demonstrative legacy partakes of the nature of both a general

and specific legacy. It is a gift of money or other property charged on a particular fund in such a way as not to amount to a gift of the corpus of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails. A specific bequest is subject to ademption, but such is not true of a general, or demonstrative, legacy." This definition and the principle of law involved have been uniformly recognized in this country and in England and Canada, and in our own courts in *Moore* v. *Alden et als,* ·80 Me., 301 ; *Addition* v. *Smith et als,* 83 Me., 558 ; and in the *Stilphen Case,* supra.

"In determining whether the legacy is specific or demonstrative the question always is whether it is a gift out of a specified sum or security, or a gift of a specified sum, with a specified fund as security. If it falls within the former class, the legacy fails when the fund or security ceases to exist in the testator's life-time." *Georgia Infirmary, etc.,* v. *Jones et al* (N. Y.), 37 Fed., 750.

"The distinction . . . seems to be this : If a legacy is given with reference to a particular fund, only as pointing out a convenient mode of payment, it is considered demonstrative, and the legatee will not be disappointed though the fund totally fail. But where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intent to burden that object alone with the payment, it is esteemed specific, and consequently liable to be adeemed by the alienation or destruction of the object. . . . If it be manifest there was a fixed and independent intent to give the legacy, separate and distinct from the property designated as the source of payment, the legacy will be deemed general or demonstrative, though accompanied by a direction to pay it out of a particular estate or fund specially named." In re *Wilson's Estate,* supra.

In the *Stilphen Case* above cited the Court, having defined the difference between specific and demonstrative legacies, says, "Thus it is important to observe that two elements are necessary to constitute a demonstrative legacy. It must appear in the first place that the testator intended to make an unconditional gift in the nature of a general legacy, and secondly the bequest must indicate the fund out of which it is payable." In holding that the legacy in

that case was specific, the Court says (page 153), "In the case at bar the testatrix bequeathed to Mary D. White $600 of the $1100 in the hands of her brothers: and *a careful examination of all the other provisions of the will in connection with this bequest fails to disclose any intention on the part of the testatrix to make an unconditional gift of $600 which should be payable out of her general estate in case of the failure of the fund* specially mentioned. *Only one of the elements which constitute a demonstrative legacy is found to exist in this case.* A particular fund is pointed out from which the sum of $600 is to be paid. That fund was not in existence at the decease of the testatrix. The legacy must be considered a specific one which was adeemed by the failure of the fund."

Cases might be cited almost without number holding that legacies are specific or demonstrative under certain circumstances and with view to the language used in each case. Such cases can not be regarded as examples of set forms of expression which, as a matter of law, may be deemed to be either specific or demonstrative. The case of *Stevens* v. *Fisher*, 144 Mass., at p. 127, contains a simple, clear, effective and applicable statement as follows: "Where, even if a legacy is charged upon a particular fund, it appears by the will that it is not to fail by reason of any failure of the fund, or its inadequacy for the purpose, the legacy is held to be demonstrative. That a legacy which is thus charged should be demonstrative, there should appear a fixed separate intent to give the money or legacy independently of the fund. The cases in which the distinction between specific and demonstrative legacies has been pointed out, and in which it has been discussed whether that in dispute was of the one or of the other character, are very numerous, both in England and in this country. Many of them have been well and carefully considered in the argument . . . We do not think it would be profitable or desirable here to examine or analyze them individually. The circumstances under which all these cases arise, the language and expressions used in the wills to be construed, so differ that we could not expect to find exact similarity with the case at bar, or with any other which might be under discussion. Each must, therefore, be decided with reference to its own circumstances and the peculiar phraseology used. Whether all the cases can be reconciled or not,

they all proceed upon the principle that whether a legacy is demonstrative or specific must be decided by the intent of the testator as it appears from the will; and that, where a legacy is held to be demonstrative, a general intent is shown to have it paid without reference to the fund on which it is primarily charged."

That the intent of the testator is of primary importance in reaching a determination of the nature of the legacy is a principle of law established by cases too numerous to cite, if citation of authority were necessary.

"Because of the hardship of the doctrine that a specific legacy is lost if the subject of it is disposed of by the testator or is extinguished in his life, notwithstanding the will may denote unmistakably that the testator intended to treat the legatee as an object of his bounty, the courts incline to consider legacies as demonstrative, rather than specific, where the language of the will is reasonably capable of that construction. Accordingly, if the bequest, instead of being for a specified sum 'due upon' a security or obligation, is for the sum 'out of the proceeds' or 'contained in' a security or obligation, it will be treated as a demonstrative legacy, to which the rule of ademption does not apply, and whenever it can be inferred from the language of the will that the testator's intention was to give the legatee a specified sum, not necessarily out of a particular fund, although incidentally and primarily so, but irrespective of it, the gift will be construed a demonstrative instead of a specific legacy." *Georgia Infirmary, etc.*, v. *Jones et al*, supra.

After a careful consideration of the case before us we not only fail to find anything in the record persuading us to the conclusion that the testator intended to make a specific legacy, but, on the contrary, with full consideration of the case of *Stilphen, Appellant*, supra, and of the language of the Court in that case as to the two elements necessary to constitute a demonstrative legacy, and not here directly invoking those cases which show the aversion of courts to construe legacies as specific unless it is clear that the testator so intends, we are of the opinion that the testator in the case at bar, irrespective of the note, intended to make an unconditional gift of a specific sum in the nature of a general legacy.

There is clearly no intention expressed in the will to give to any

one the specific note or any fractional part of the specific note as such. The testator, when he made the will, had clearly in mind that the note was to be collected in full by the bank, and it is fair to assume that he had in mind that it would be collected during his lifetime, and it was so collected and became presumably a part of his general assets.

The language of the testator in his will, "out of this said amount," "out of said amount of money," "out of the said amount of money," and "out of said amount of money," clearly refers to the proceeds of the note described by the testator and to be collected, out of which the testator gives and bequeaths a definite sum to a grandson, to three brothers, and to a niece, a separate bequest to each.

In our opinion the several bequests are for sums "out of the proceeds of" or "contained in" the note described by the testator, as defined in *Georgia Infirmary, etc.*, v. *Jones et al*, supra, and are demonstrative legacies, and that, notwithstanding the fact that the note was collected October 4, 1927, seven months prior to his death, the several legacies contained in clauses 2 to 6 inclusive are not adeemed or lost and are payable out of other available assets of the estate of the testator.

The case is before us on appeal from the decree of the sitting Justice, and on appeal all questions which appear in the record are open. The case is heard anew and such a decree may be directed as the whole record requires. *Pride* v. *Pride Lumber Co.*, 109 Me., 452.

The entry will be,

*Appeal sustained.*
*Case remanded for decree in*
*accordance with this opinion.*