JAMES BENHAM MALCOLM, *Ex'r v.* JULIAN MALCOLM & a.

*Willoughby A. Colby*, for the plaintiff.

*Donald G. Matson*, guardian *ad litem*, for the defendant minors, filed no brief.

*Per Curiam.* The provision for disposal of the proceeds of the Long Island real estate is a special legacy. The real estate was not a source from which money legacies were first to be paid, but the proceeds of its sale were all that were given the legatees thereof. It cannot be found to be a demonstrative legacy, as there was no unconditional gift payable from the general estate of the testatrix if the special asset for payment was insufficient. Only if the testatrix owned the real estate at her decease and only from its proceeds were the legatees to receive anything. The real estate was the sole asset available for any payment to them. "The proceeds of sale of speci-

fied property which is to be sold is just as specific a legacy as if the property itself had been given." *In re Hall's Estate,* 258 N. Y. S. 460. See also *Shaw* v. *Shaw,* 32 Ohio App. 168; *Ford* v. *Cottrell,* 141 Tenn. 169; *Gelbach* v. *Shively,* 67 Md. 498; *In re Martin,* 25 R. I. 1; *McMahon's Estate,* 132 Pa. St. 175; *Weed* v. *Hoge,* 85 Conn. 490.

The result is the same when the legatee of the special legacy is also the residuary legatee. The property specially bequeathed does not thereby become a part of the residuary estate. In the case here the suggestion in the residuary clause for the sale of the unretained personal property at the Long Island real estate is insufficient to constitute a direction that the real estate be treated as a part of the residue. When the will was made, it was the contemplation of the testatrix that the clause giving a life tenancy in the real estate to a legatee who later predeceased her would be effective, and thus postpone any sale of the real estate to a time subsequent to the general settlement of her estate. The codicil made after the decease of such prospective legatee left the provision for sale and disposal of the proceeds unrevoked, and confirmed the will except as it was inconsistent with the codicil. The intent of the testatrix that the real estate should be held as a special asset and that its proceeds should not be merged into her general estate is clear, even if it be assumed that one of the residuary legatees was by inadvertence omitted as one of the special legatees.

The executor is accordingly advised that the proceeds of the sale are to be distributed under the clause specially providing for the sale, as a specific legacy, not to be charged with any part of the expenses of administering the estate. For attorney's services and expenses in connection with this petition the Superior Court may make such allowance and provision for payment in adjustment between the proceeds of the sale and the general funds of the estate as may be just. The petition is analogous to a bill of interpleader to determine the ownership of specific property held by a stakeholder.

*Case discharged.*