IN RE ESTATE OF DAVID J. LEWIS, DECEASED, HASTINGS COLLEGE ET AL., APPELLANTS, v. DILYS MORWENA REES ET AL., APPELLEES.

28 N. W. 2d 427

Filed July 3, 1947.     No. 32276.

*Harry F. Russell*, for appellants.

*Stiner, Boslaugh & Stiner*, for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

This appeal involves the construction of a will. On March 11, 1943, David J. Lewis, a resident of Hastings, Nebraska, departed this life testate. His last will and testament, dated July 13, 1937, was admitted to probate in the county court of Adams County March 29, 1943. On November 15, 1944, Hastings College filed a motion in the probate proceedings, requesting

the county court to issue an order directing the personal representative of the estate of David J. Lewis, deceased, to pay from the residue of the estate in his possession, the bequest in favor of Hastings College, contained in paragraph six of the will. Like motions were filed on the same day by the Y.M.C.A. and Y.W.C.A. of Hastings, Nebraska. On May 25, 1945, the county court sustained the motions and directed the executor of the estate to pay Hastings College the sum of $5,000, and in the event there were not sufficient funds to pay said amount in full from the residue of the estate, that under and in accordance with the 32d paragraph of the will, the executor then was directed to pay all cash bequests pro rata so that each beneficiary should receive a proportionate amount of the bequest in accordance with all other cash bequests under the will provided that the payment of the bequests should be made from the residue of the estate and not from any property specifically devised. This order likewise related to the bequests to the Y.M.C.A. and Y.W.C.A., as set forth in the sixth paragraph of the will.

From this order, the sole and only heirs at law of David J. Lewis, deceased, appealed to the district court. The matter was heard in the district court upon the transcript of proceedings from the county court, without the filing of new or additional pleadings in the district court. Upon hearing the matter, the district court decreed and adjudged that the legacies set forth in paragraph six of the will to Hastings College, the Y.M.C.A., and Y.W.C.A., of Hastings, Nebraska, constituted specific bequests to each of such legatees, and were not to be paid out of any other property except the property mentioned in paragraph six of the will and in accordance with the terms thereof, and that the order of the county court ordering such bequests to be paid out of the general assets of the estate be set aside and the case remanded to the county court to enter the proper judgment. Upon the overruling of the motion

for new trial, this appeal was perfected.

The record discloses that, during his lifetime, David J. Lewis owned an undivided one-seventh interest in the Hastings Daily Tribune property. Contract was made on July 1, 1937, by the owners of the property to sell the same. There was some cash consideration and the balance in notes. The cash payment was made and the notes were delivered on July 12, 1937. The one-seventh interest of David J. Lewis in the notes constituting part of the purchase price amounted to $17,854.14. At the time of the execution of his will, these notes were not paid, and were in excess of the three legacies set forth in paragraph six of the will. All of such notes constituting his interest in the sale of the Hastings Daily Tribune were paid during his lifetime.

There are 32 paragraphs of the will, most of which make specific bequests of different items of personal property. Paragraph six, of importance in this appeal, is as follows: "I give, devise and bequeath to the endowment fund of the Hastings College of Hastings, Nebraska, Five Thousand Dollars ($5000.00); to The Hastings Y.M.C.A. of Hastings, Nebraska, Five Hundred Dollars ($500.00); to Hastings Y.W.C.A. of Hastings, Nebraska, Five Hundred Dollars ($500.00); such bequests to be paid out of notes given for purchase of my interests in The Hastings Daily Tribune, and if after the payment of the above three bequests there is a balance in the fund received from the sale of the Hastings Daily Tribune, then and in that event such remaining funds be divided between * * * (five legatees which are named) an equal amount thereof share and share alike."

Paragraph 32 of the will provides: "I hereby direct my executor that if there is not sufficient personal estate to pay the cash bequests to the various beneficiaries then and in that event each beneficiary shall receive his proportionate amount of the same."

Hastings College, as appellant, contends the district court erred in its construction of the will of David J.

Lewis, deceased, in finding that the legacies in favor of the Hastings College, Hastings Y.M.C.A., and Hastings Y.W.C.A., are required to be paid only from the proceeds of certain notes mentioned in paragraph six of the will.

It is the court's duty in the construction of a will to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law. See Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713; In re Estate of Zents, *ante* p. 104, 26 N. W. 2d 793.

The intention of the testator is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will. No particular words, nor conventional forms of expression, are necessary to make a valid will. See Lacy v. Murdock, *supra;* In re Estate of Zents, *supra.*

The general rules with reference to the interpretation of wills are fully applicable in determining the nature and kind of legacies appearing therein. Especially operative is the rule that effect will be given to the intent of the testator as evinced by the words of the will. See In re Estate of Wilson, 260 Pa. 407, 103 A. 880, 6 A. L. R. 1349, and annotation at p. 1359.

"In construing whether a legacy is general, specific, or demonstrative, it must be remembered that the will of the testator is the law of the court, and that the testator's intention, so far as it is lawful, is his will. It is therefore the intention which must be ascertained." Shaw v. Shaw, 32 Ohio App. 168, 167 N. E. 611. Cases conforming to the foregoing rules which constitute the law in most of the jurisdictions are too numerous to cite; to do so would unnecessarily lengthen this opinion. In this connection, see 6 A. L. R. 1353, annotated cases cited therein, and annotation 73 A. L. R. 1244, supplementing 6 A. L. R. 1353.

Appellants urge in view of the foregoing authorities the legacies appearing in paragraph six of the will are not specific legacies, but are demonstrative legacies,

and when paragraph six of the will is read in conjunction with paragraph 32 thereof, and where there are remaining assets of the estate in the hands of the personal representative of the deceased, the appellants are then entitled to their pro rata share of said assets, as provided for by paragraph 32 of the will, in relation to the amounts of the legacies as provided for in paragraph six of the will.

"For general purposes legacies are commonly considered as falling into one of three classes designated as specific, general, and demonstrative, * * *." Maxim v. Maxim, 129 Me. 349, 152 A. 268, 73 A. L. R. 1244. See, also, 73 A. L. R. Anno. 1251, supplementing 6 A. L. R. 1353 to 1358; Taylor v. Hull, 121 Kan. 102, 245 P. 1026; Leighton v. Leighton, 193 Iowa 1299, 188 N. W. 922; In re Mandelle's Estate, 252 Mich. 375, 233 N. W. 230; Hobbs v. Brenneman, 94 W. Va. 320, 118 S. E. 546.

A demonstrative legacy has been defined in Nusly v. Curtis, 36 Colo. 464, 85 P. 846, 7 L. R. A., N. S. 592, 118 Am. St. Rep. 113, 10 Ann. Cas. 1134, 6 A. L. R. 1353, as follows: "A demonstrative legacy partakes of the nature of both a general and specific legacy; it is a gift of money or other property charged on a particular fund in such a way as not to amount to a gift of the corpus of the fund, or to evince an intent to relieve the general estate from liability in case the fund fails." This definition is sustained in numerous decisions by the federal courts and the courts of last resort in Alabama, California, Connecticut, District of Columbia, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Minnesota, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Pennsylvania, Rhode Island, Tennessee, Texas, Vermont, Virginia, Wisconsin, and also by the English and Canadian courts. See, also, annotation to 73 A. L. R. 1251, citing cases from Kansas, Louisiana, Michigan, and West Virginia.

"A specific legacy is a bequest of a specific thing or fund that can be separated out of all the rest of the

testator's estate of the same kind, so as to individualize it, and enable it to be delivered to the legatee as the particular thing or fund bequeathed." Palmer v. Palmer, 106 Me. 25, 75 A. 130, 19 Ann. Cas. 1184; Maxim v. Maxim, *supra.*

A legacy is specific, when it is the intention of the testator that the legatee should have the very thing bequeathed, and not merely a corresponding amount in value. See Wallace v. Wallace, 23 N. H. 149. To like effect, Douglass v. Douglass, 13 App. D. C. 21; 6 A. L. R. 1357.

The distinction between a specific legacy and a demonstrative legacy seems to be this: "If a legacy be given with reference to a particular fund, only as pointing out a convenient mode of payment, it is considered *demonstrative,* and the legatee will not be disappointed, though the fund totally fail. But where the gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it, as to show an intent to burden that object alone with the payment, it is esteemed *specific,* and consequently liable to be adeemed by the alienation or destruction of the object." Walls v. Stewart, 16 Pa. 275. See, also, Annotation to 73 A. L. R. 1251; In re Strasenburgh's Will, 136 Misc. 91, 242 N. Y. Supp. 453.

"A general legacy is one which is payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity, and not in any way separated or distinguished from other things of like kind." Nusly v. Curtis, *supra.*

A demonstrative legacy differs from a general legacy in that it does not, in the first instance, abate upon insufficiency of assets. See Thompson v. Stephens, 138 Ga. 205, 75 S. E. 136; Hart v. Brown, 145 Ga. 140, 88 S. E. 670; 6 A. L. R. 1358.

As a general rule the courts are not inclined to favor specific legacies, but entertain what has been called a judicial bias against them. See In re Calnane's Estate (Mo. App.) 28 S. W. 2d 420; Willis v. Barrow, 218 Ala.

549, 119 So. 678; Patanska v. Kuznia, 102 N. J. Eq. 408, 141 A. 88, 104 N. J. Eq. 203, 145 A. 921; Smith v. Smith, 192 N. C. 687, 135 S. E. 855; Shepard v. Bryan, 195 N. C. 822, 143 S. E. 835; Nash v. Hamilton, 8 Ohio App. 66, 28 Ohio C. A. 206, 39 Ohio C. C. 462.

The primary reason given by the cited authorities as being inclined against construing legacies as specific, is, as explained in Georgia Infirmary v. Jones, 37 F. 750, 6 A. L. R. 1360: "Because of the hardship of the doctrine that a specific legacy is lost if the subject of it is disposed of by the testator, or is extinguished in his lifetime, notwithstanding the will may denote unmistakably that the testator intended to treat the legatee as an object of his bounty, the courts incline to consider legacies as demonstrative, rather than specific, where the language of the will is reasonably capable of that construction." See, also, Kenaday v. Sinnott, 179 U. S. 606, 45 L. Ed. 339, 21 S. Ct. 233; Nusly v. Curtis, *supra;* Douglass v. Douglass, *supra;* Hart v. Brown, *supra;* and opinions by the courts of last resort in Maine, Maryland, New Hampshire, New Jersey, Ohio, Pennsylvania, South Carolina, and Virginia.

The foregoing authorities express the majority rules with reference to the different kinds and types of legacies here being considered.

The appellees cite and rely on the case of the Appeal of Stilphen, 100 Me. 146, 60 A. 888. The court, having defined the difference between specific and demonstrative legacies, says: "Thus it is important to observe that two elements are necessary to constitute a demonstrative legacy. It must appear in the first place that the testator intended to make an unconditional gift in the nature of a general legacy, and secondly the bequest must indicate the fund out of which it is payable. * * * In the case at bar the testatrix bequeathed to Mary D. White $600 of the $1100 in the hands of her brothers; and a careful examination of all the other provisions of the will in connection with this bequest fails to disclose any

intention on the part of the testatrix to make an unconditional gift of $600 which should be payable out of her general estate in case of the failure of the fund specially mentioned. Only one of the elements which constitute a demonstrative legacy is found to exist in this case. A particular fund is pointed out from which the sum of $600 is to be paid. That fund was not in existence at the decease of the testatrix. The legacy must be considered a specific one which was adeemed by the failure of the fund."

The appellees also cite Baker v. Baker, 319 Ill. 320, 150 N. E. 284, 42 A. L. R. 1514, as being a case somewhat analogous in fact to the case at bar.

After a careful consideration of the cited cases, and with full consideration of the Appeal of Stilphen, *supra,* and the language used by the court therein as to the two elements necessary to constitute a demonstrative legacy, and considering the case before us, we fail to find anything in the record persuading us to the conclusion that the testator in the instant case intended to make a specific legacy but, to the contrary, we find the elements necessary to constitute a demonstrative legacy as so determined by the great weight of authority heretofore cited. From a study of paragraph six of the will, we find the testator suggesting a fund out of which payment might be made and then, thereafter, if there is a balance in that fund, he proceeds to name, in the same paragraph, certain legatees who are to participate in the balance of the fund. Paragraph 32 of the will reveals that if there is not sufficient personal estate ·to pay the cash bequests to the various beneficiaries then, and in that event, each beneficiary shall receive his proportionate amount of the same. It seems clear that the testator assumed there would be a residue of his estate, and it is admitted there is a residue in the hands of the executor.

We conclude, from an examination of the entire will, · that the testator had no intention of treating the three

legatees heretofore designated in this appeal in any other manner than other legatees receiving cash legacies. We believe the testator fully intended to make the three legacies appearing in paragraph six of the will demonstrative legacies.

The appellees cite certain cases from this jurisdiction wherein this court has held certain bequests to be specific bequests, and compares such cases with cases from other courts that hold similar bequests to be demonstrative. In the cited cases there are no provisions in the wills appearing therein analogous to paragraphs six and 32 of the will in the instant case, which paragraphs must be read together with the entire instrument to determine the intent of the testator.

There is some contention made by the appellees that the doctrine of demonstrative legacies has no place in the Nebraska law, for the reason that the Legislature has adopted and declared the common law of England to be in force under certain circumstances, as provided for in section 49-101, R. S. 1943, as follows: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the Legislature of this state, is adopted and declared to be law within the State of Nebraska."

In support of their contention appellees cite Walton v. Walton, 7 Johns. Ch. N. Y. 258, 11 Am. Dec. 456, and In the Matter of Smallman's Will, 247 N. Y. S. 593, 138 Misc. 889, and other cases, to the effect that a demonstrative legacy is derived from the civil law, and was not known to the common law. The latter case indicates that a demonstrative legacy was a new variety of legacy created about the middle of the nineteenth century, and is critical of such a legacy. Regardless of its origin, we are not in accord that section 49-101, R. S. 1943, sustains the appellees' contention that a demonstrative legacy has no place in the Nebraska law. The following

authorities are applicable under the circumstances.

In Kerner v. McDonald, 60 Neb. 663, 84 N. W. 92, 83 Am. St. Rep. 550, this court said: "Many principles of law have changed with the passing of time, through the gradual change of thought on the part of society and the flux and change of social organization; many others have ceased because the reason which called them into existence has ceased, * * * ." See, also, City of Lincoln v. Ricketts, 84 F. 2d 795; Funk v. United States, 290 U. S. 371, 78 L. Ed. 369, 54 S. Ct. 212, 93 A. L. R. 1136.

The courts have the power to modify the common law, adopting such of its principles as are applicable and rejecting such others as are inapplicable. See 11 Am. Jur., Common Law, § 7, p. 162, note 18.

In furtherance of a reason for the soundness of such authorities: "The common law by its own principles adapted itself to varying conditions and modified its own rules so as to serve the ends of justice as prompted by a course of reasoning which was guided by these generally accepted truths. One of its oldest maxims was that where the reason of a rule ceased, the rule also ceased, and it logically followed that when it occurred to the courts that a particular rule had never been founded upon reason, and that no reason existed in support thereof, that rule likewise ceased, and perhaps another sprang up in its place which was based upon reason and justice as then conceived. No rule of the common law could survive the reason on which it was founded. It needed no statute to change it but abrogated itself. People v. Randolph (1855), 2 Park. Crim. Cas. (N. Y.) 174; Metropolitan Life Ins. Co. v. Clark (1911), 145 Wis. 181, 129 N. W. 1065, 37 L. R. A. (N. S.) 717; Beardsley v. City of Hartford (1883), 50 Conn. 542, 47 Am. Rep. 677." Ketelsen v. Stilz, 184 Ind. 702, 111 N. E. 423, L. R. A. 1918D 303, Ann. Cas. 1918A 965.

The adoption of the common law in the most general terms by any state would not admit of an unqualified

application of all its rules without regard to local circumstances and the then present enlightened conception of reason and justice, for the common law is applicable· only insofar as it is suited to the· genius, spirit, and objects of its intentments affecting the society of the state. See State v. Tautges, Rerat & Welch, 146 Neb. 439, 20 N. W. 2d 232.

We believe the appellees' contention in such respect is without merit. There is no obligation on the part of this court to adhere strictly to the common law, as the foregoing authorities clearly indicate. The statutory law of this state designates the rule in construing or interpreting wills. See section 76-205, R. S. 1943, heretofore referred to, and cases cited on this point.

This court is not in accord with the authorities holding that there is a judicial bias against specific legacies. Where a will discloses that the testator intended to bequeath a specific thing or fund that could be separated out from all the rest of his estate of the same kind so as to individualize it and enable it to be delivered to the legatee as a particular thing or fund, then, in that event, we will determine that the will contains a specific legacy. However, where a will, like the will in the instant case, contains language that shows the intention of the testator to be that the legatees named therein shall receive bequests made to them, either in whole or in part, and that such legacies shall not be lost to them, we will then invoke the doctrine of demonstrative legacies as heretofore determined by the authorities governing the same. This is the first instance of invoking a demonstrative legacy that has come to the direct attention of this court, and there is no sound or logical reason why such a legacy should not prevail when the interpretation of the will and the legacies under our rules of construction warrant the same.

The appellants predicate error upon the court's failure to admit certain offered evidence. In view of our hold-

ing, it becomes unnecessary to discuss this assignment of error.

For the reasons given in this opinion, we reverse the judgment of the district court and remand the case to the district court with directions to enter judgment therein in conformity with this opinion, the district court to certify the final decision and judgment in conformity with this opinion to the county court where such proceedings as may be necessary may be had thereon to carry the final decision and judgment into execution.

REVERSED WITH DIRECTIONS.